Michael D. Wilson
Hill Rivkins & Hayden LLP
Attorneys for Defendant
45 Broadway, Suite 1500
New York, NY 10006

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

TIANJIN DEVELOPMENT AREA CHANG
MING SHIPPING CO. LTD. and CHINA
SHIPPING INTERNATIONAL TRADING
CO. LTD.,

                      Plaintiffs,

- against -

AMERICAN BUREAU OF SHIPPING,

                      Defendant.

------------------------------------------------------------x

Index No.: 08 Civ. 6914
Judge Castel

**ANSWER**

Defendant, American Bureau of Shipping ("ABS"), by its attorneys Hill Rivkins & Hayden LLP, as and for its Answer to the Complaint herein alleges as follows:

### THE PARTIES

1. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 1 and 2 of the Complaint.

2. Admits the allegations contained in paragraph 3 of the Complaint.

### JURISDICTION

3. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 of the Complaint.

## VENUE

4. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Complaint.

## FACTS

5. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 6, 7, 8, 10, 18, 20, 25, 32 and 33 of the Complaint.

6. Admits the allegations contained in paragraphs 16, 17, 23 and 24 of the Complaint.

7. Admits that Norsul arranged with ABS for an underwater survey of the vessel, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the Complaint.

8. Admits that on August 3, 2005 an underwater video inspection of the vessel was carried out by Qingdao Huayuan International Shipping Engineering Co. Ltd., an ABS-recognized in-water survey company under the surveillance of an ABS surveyor and witnessed by representatives of the buyers and seller, but except as so specifically admitted denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 of the Complaint.

9. Admits that a Certificate of Underwater Inspection dated August 3, 2005 was issued by Qingdao Huayuan International Shipping Engineering Co. Ltd. containing, in part, the language quoted in paragraph 12 of the Complaint, but except as specifically admitted, denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the Complaint.

2

10. Admits that ABS issued a Survey Report No. SQ629545 which contains, in part, the language quoted in paragraph 13 of the Complaint but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the Complaint.

11. Denies the allegations set forth in paragraphs 14, 15, 21, 28, 29, 30, 31 and 34 of the Complaint.

12. Admit that Report SQ635543 was based on the attendance and witnessing of Running Tests of the M/V NORSUL AMAZONAS by ABS Surveyor D.L. Jiang on August 27, 2005, the same date the report was issued, but except as so specifically admitted, denies the allegations contained in paragraph 19 of the Complaint.

13. Admits that ABS Surveyor Jiang attended the Running Tests on August 27, 2005 as reported in survey report SQ635543 and denies the existence of conditions or problems aboard the M/V NORSUL AMAZONAS which required notation of deficiencies or recommendations as to the vessel's classification as alleged in paragraph 22 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to any obligation of plaintiffs to accept delivery of the vessel as alleged in paragraph 26 of the Complaint and further denies the existence of any serious problems and/or damages which should have been set forth as "conditions" or recommendations to the vessel's classification, as alleged in paragraph 26 of the Compliant.

15. Denies that ABS failed to use due care, skill and/or judgment in the issuance of its reports and certificates as alleged in paragraph 27 of the Complaint and denies knowledge or information sufficient to form a belief as to the allegation that plaintiffs

3

would have cancelled the purchase, required the seller to rectify alleged defects and/or demanded a reduction in the purchase price as alleged in paragraph 27 of the Complaint.

## ANSWERING THE FIRST CAUSE OF ACTION

16. Repeats and realleges each and every admission, denial and denial of knowledge or information sufficient to form a belief hereinabove set forth with the same force and effect as if herein set forth at length.

17. Admits that ABS was aware that the underwater survey was related to a potential sale of the vessel; denies that ABS was aware the Running Tests were related to a potential sale of the vessel and denies that ABS had any knowledge of plaintiffs or that plaintiffs would rely on the underwater survey or the Running Test statement of fact survey, as alleged in paragraph 36 of the Complaint.

18. Denies the allegations of paragraphs 37, 38, 39 and 40 of the Complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

19. Repeats and realleges each and every admission, denial and denial of knowledge or information sufficient to form a belief hereinabove set forth with the same force and effect as if herein set forth at length.

20. Admits that ABS was aware that the underwater survey was related to a potential sale of the vessel; denies that ABS was aware the Running Tests were related to a potential sale of the vessel and denies that ABS had any knowledge of plaintiffs or that plaintiffs would rely on the underwater survey of the Running Test statement of fact survey, as alleged in paragraph 42 of the Complaint.

21. Denies the allegations contained in paragraphs 43, 44, 45, 46, 47 and 48 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

22. The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

23. This action is barred by the doctrine of <u>forum non conveniens</u>.

## THIRD AFFIRMATIVE DEFENSE

24. Any surveys, inspections and/or other services which ABS performed in connection with the vessel were performed pursuant to various terms and conditions of performance, and ABS claims the benefit of all such terms and conditions, including all bars and limitations.

## FOURTH AFFIRMATIVE DEFENSE

25. ABS owed no duty in tort, contract, warranty or otherwise to plaintiffs on which a claim for relief may be based.

## FIFTH AFFIRMATIVE DEFENSE

26. ABS was nominated by the seller and plaintiffs as sole arbitrator of the existence of conditions affecting class and ABS is therefore immune from suit and from liability herein by reason of the "arbitrator immunity" or "quasi-judicial immunity" doctrine.

## SIXTH AFFIRMATIVE DEFENSE

27. Plaintiffs have failed to join a necessary party, to wit, the seller of the vessel.

## SEVENTH AFFIRMATIVE DEFENSE

28. Plaintiffs did not reasonably rely on any statement or representation of ABS.

## EIGHTH AFFIRMATIVE DEFENSE

29. Plaintiffs agreed that ABS shall be the sole arbitrator as to whether any damage found may constitute a condition/recommendation. Plaintiffs are thereby estopped from contesting the conclusions of ABS as to the condition of the vessel.

### NINTH AFFIRMATIVE DEFENSE

30. Upon information and belief, plaintiffs have executed Releases and/or Assignments of Claims and the damages asserted herein in consideration of payment to them of money. Said claims are accordingly barred or reduced by the doctrine of Release and/or Assignment.

### TENTH AFFIRMATIVE DEFENSE

31. Plaintiffs are not in the class of parties for whose benefit and guidance ABS intended to supply any information, either directly or indirectly and plaintiffs accordingly may not maintain a cause of action for negligent misrepresentation against ABS.

WHEREFORE, defendant demands that the Complaint be dismissed with costs and that the Court grant to defendant such other and further relief as justice may require.

Dated: New York, NY
September 4, 2008

HILL RIVKINS & HAYDEN LLP
Attorneys for Defendant

By: _____
Michael D. Wilson

45 Broadway, Suite 1500
New York, NY 10005

TO: James Sweeney, Esq.
Nicoletti Hornig Sweeney
Attorneys for Plaintiffs
Wall Street Plaza
88 Pine Street, 7th Floor
New York, NY 10005

29925\002ANSWER

6